UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT JAMES MCCORMACK,<br><br>        Plaintiff,<br><br>v.<br><br>EVEREST NATIONAL INSURANCE COMPANY; CHRISTOPHER E. CALDWELL; RONDA K. NICHOLS; WHITEHEAD, AMBERSON & CALDWELL, PLLC; APRIL DAWSON; DAVE FOSS; DEBRA FROST; LARRY HYNES; JAN EPP; ANITA TRAVIS; SCOTT LOSSMANN; SHIRLEY AUDENS; DEBBIE RICHARDSON; TINA WILLIAMS; JOSEPH CARDONA; THOMAS KIMBERLY; WILLIAM POULSON; ERIN ALDAPE; CATHERINE WHINNERY; RONA SIEGERT; THERESA BALDRIDGE; CHRISTINA BOULAY; PAM SONEN; RANDY BLADES; GARY BARRIER; JILL WHITTINGTON; JOHANNA SMITH; JEFF KIRKMAN; GARRETT COBURN; ALAN STEWART; DAVID WRIGHT; HOWARD YORDY; STAN HOUSE; SABINO RAMIREZ; and TERRY ROSENTHAL,<br><br>        Defendants. | Case No. 1:13-cv-00318-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is the motion to dismiss filed on February 12, 2014, by Defendants Christopher E. Caldwell, and Whitehead, Amberson & Caldwell, PLLC (the Caldwell Defendants), (Dkt. 13), which has been referred to the undersigned by District Judge Lodge (Dkt. 42). Although Defendant Ronda K. Nichols (Nichols) does not appear from the title of the motion to be moving for dismissal, she is included in the scope of the motion by the Caldwell Defendants, because of her status as an employee of Whitehead, Amberson & Caldwell, and the same attorney representing the Caldwell Defendants has made an appearance on behalf of Nichols. Therefore, the Court includes Defendant Nichols in the scope of the motion.

Pro se Plaintiff Robert James McCormack's complaint against the Caldwell Defendants and Nichols alleges negligence, forgery, fraud, and malpractice relating to a workers compensation claim Plaintiff pursued before the Idaho Industrial Commission (IIC). (Dkt. 2 at 2.) The Caldwell Defendants undertook legal representation of Plaintiff before the IIC. (*Id.* at 5.) This case is the fifth legal action filed by Plaintiff against the Caldwell Defendants and the second action filed against Nichols.

Plaintiff's complaint as to the Caldwell Defendants and Nichols is subject to dismissal, as the Court lacks subject matter jurisdiction over this action.

## BACKGROUND

1. **Factual History**

Plaintiff filed his first action against Defendant Christopher Caldwell alleging negligence in the District Court of the Second Judicial District, in and for Nez Perce

County on January 28, 2008 (CV08-00736). (Dkt. 13-3 at 2, 3.) The State district court dismissed the action on April 13, 2009, for insufficient service of process. (*Id.* at 13.)

On June 8, 2009, Plaintiff filed a second action in the District Court of the Second Judicial District, in and for Nez Perce County (CV09-01218) against the Caldwell Defendants, alleging forgery, fraud, negligence, and mishandling of Plaintiff's total temporary disability checks. (Dkt. 13-4.) The state court dismissed the second action finding Plaintiff's action barred by the applicable statute of limitations. (*Id.* at 67.) Plaintiff appealed the order of dismissal to the Idaho Court of Appeals on March 8, 2011. (Dkt. 13-2 at 7.) On July 1, 2011, the Court of Appeals affirmed the dismissal, finding Plaintiff's complaint against the Caldwell Defendants time barred. (*Id.*)

On March 24, 2010, Plaintiff filed a third action against Defendant Whitehead, Amberson & Caldwell, PLLC, in this Court, alleging fraud (1:10-CV-0157- MHW). (Dkt. 13-5.) The Court dismissed that matter on October 28, 2010, on jurisdictional grounds without prejudice. (Dkt. 13-5 at 6).

Plaintiff filed his fourth action against the Caldwell Defendants and Nichols on June 18, 2012, in this Court (1:11 CV-00599-BLW). (Dkt. 13-6 at 2.) The action alleged fraud, negligence, and malpractice against the Caldwell Defendants and Nichols. (*Id.*) On December 21, 2012, the Court dismissed the action without further opportunity to amend, finding that the Court lacked jurisdiction over the matter. (*Id.* at 32.) Plaintiff appealed the Order to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed the Court's judgment dismissing Plaintiff's case. (*Id.* at 43.)

## 2. Procedural History

On July 22, 2013, Plaintiff filed the present complaint against the Caldwell Defendants and Nichols, among others, and a motion to proceed in forma pauperis. (Dkt. 1, 2.) The Clerk of the Court conditionally filed Plaintiff's Complaint on July 25, 2013. (Dkt. 4.) On October 8, 2013, the Court directed Plaintiff to either pay the filing fee or file a new in forma pauperis application using the proper form. (Dkt. 7.) Plaintiff paid the filing fee on October 25, 2013. (Dkt. 8.) The Court found Plaintiff's application for in forma pauperis moot on October 28, 2013. (Dkt. 9.) The Court informed Plaintiff that he was responsible for effecting service within 120 days of the October 28 Order pursuant to Fed. R. Civ. P. 4. (Dkt. 9 at 2.) Rule 4(m) required the Plaintiff to effect service on all defendants by February 25, 2014.

On January 27, 2014, the Clerk of the Court issued summonses for all thirty-five Defendants. (Dkt. 11.) The Caldwell Defendants filed a Motion to Dismiss on February 12, 2014, arguing that the Court lacks jurisdiction over the matter, process in the matter was insufficient, and Plaintiff failed to state a claim for which relief could be granted. (Dkt. 13.)

On February 20, 2014, Plaintiff filed a motion requesting 120 additional days to effect service. (Dkt. 15.) On March 5, 2014, the Court granted in part and denied in part Plaintiff's Motion for Extension of Time, instead allowing Plaintiff an extra 60 days to effect service of process in accordance with Rule 4. (Dkt. 16.)

On August 18, 2014, the Caldwell Defendants filed a Motion to Exclude Plaintiff's documents, (Dkt. 46), arguing for exclusion of various exhibits filed by

Plaintiff on August 4, 2014. Because these exhibits have no bearing on the Court's subject matter jurisdiction analysis, they need not be considered in connection with the Caldwell Defendants' motion to dismiss.

## DISCUSSION

The Caldwell Defendants and Nichols contend this matter should be dismissed because diversity of jurisdiction does not exist between the parties, and no original jurisdiction exists or is properly alleged over the subject matter of Plaintiff's claims against the Caldwell Defendants and Nichols.

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2011). That is, the Court cannot hear this matter unless Plaintiff satisfies to the Court that some basis for jurisdiction exists. A federal court has subject matter jurisdiction over an action that either arises under federal law, or when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a) (2013). In his complaint, Plaintiff alleges jurisdiction over the Caldwell Defendants and Nichols pursuant to 28 U.S.C. § 1332. Here, however, all three parties—Plaintiff, the Caldwell Defendants, and Nichols—are citizens of Idaho. (Dkt. 2 ¶¶ 1, 3.) Accordingly, subject matter jurisdiction based upon diversity of citizenship does not exist.

Furthermore, with respect to the Caldwell Defendants and Nichols, Plaintiff has not alleged that his lawsuit involves a federal question under 28 U.S.C. § 1331. Cases involving federal questions are those cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331 (2013); *Metropolitan Life Ins. Co. v.*

*Taylor*, 481 U.S. 58, 63 (1987).  The Caldwell Defendants and Nichols are not state actors, and Plaintiff's claims against them (negligence, forgery, fraud, and malpractice) do not otherwise appear to qualify as claims arising under federal law. This Court found as much when it dismissed identical claims by Plaintiff in 2012. *See McCormack v. Caldwell*, Case No. 1:11-cv-00599-BLW, Dkt. 20 (D. Idaho Dec. 21, 2012) (reviewing factually identical claims, finding no basis for diversity or federal question jurisdiction in amended complaint, concluding further amendment would be futile, and dismissing), *available at* (Dkt. 13-6 at 32). Therefore, there is no basis for federal question jurisdiction over Plaintiff's claims against the Caldwell Defendants and Nichols.  As a result, original jurisdiction over the subject matter of the claims asserted against the Caldwell Defendants and Nichols does not exist.

Because original jurisdiction does not exist as to the Caldwell Defendants and Nichols, the Court need not address the supplemental jurisdiction argument or the Caldwell Defendants' other remaining substantive arguments. *Bender v. Williamsport*, 475 U.S. 534, 541 (1986) (if the court determines that a case before it lacks subject matter jurisdiction, it has no authority under the Constitution to decide the case on its merits). [1]

---

[1] The Caldwell Defendants present three other substantive arguments: (1) Plaintiff failed to sufficiently serve Defendants, (2) Plaintiff failed to state a claim for which relief can be granted, and (2) Plaintiff failed to provide a clear and concise statement of his claims. (Dkt. 13-2 at 8, 14, 16.) The Court need not address these arguments because lack of subject matter jurisdiction is dispositive.

For the reasons above, the Court concludes that it lacks subject matter jurisdiction over this matter. Therefore, the motion for dismissal of the Caldwell Defendants and Nichols should be granted.

Normally, the Court should grant leave to amend the complaint unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Here, amendment would be futile under Fed. R. Civ. P. 15, because the Court finds Plaintiff cannot allege a basis for either federal question or diversity jurisdiction in connection with his claims against the Caldwell Defendants or Nichols.[2]

//
//
//
//
//
//
//
//
//

---

[2] Even if Plaintiff could plead a proper basis for subject matter jurisdiction, his action may be barred by the doctrine of res judicata. This doctrine applies when there is (1) identity or privity between the parties; (2) an identity of claims—that is, two claims arising from the same transactional nucleus of facts; and (3) a final judgment on the merits. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). As the Caldwell Defendants point out, this case involves the same parties (or their privies) and the same claims as were dismissed on statute of limitations grounds in a prior state court action. *See McCormack v. Caldwell*, 266 P.3d 490 (Idaho App. 2011). A dismissal on statute of limitations grounds is a judgment on the merits. *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995).

# RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED** that the Caldwell Defendants' Motion to Dismiss (Dkt. 13) be **GRANTED** and that Plaintiff's claims against the Caldwell Defendants and Nichols be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that the Caldwell Defendants' Motion to Exclude Plaintiff's Documents (Dkt. 46) be deemed **MOOT**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **October 07, 2014**

Honorable Candy W. Dale
United States Magistrate Judge