UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT JAMES MCCORMACK,<br><br>              Plaintiff,<br><br>v.<br><br>EVEREST NATIONAL INSURANCE COMPANY; CHRISTOPHER E. CALDWELL; RONDA K. NICHOLS; WHITEHEAD, AMBERSON & CALDWELL, PLLC; APRIL DAWSON; DAVE FOSS; DEBRA FROST; LARRY HYNES; JAN EPP; ANITA TRAVIS; SCOTT LOSSMANN; SHIRLEY AUDENS; DEBBIE RICHARDSON; TINA WILLIAMS; JOSEPH CARDONA; THOMAS KIMBERLY; WILLIAM POULSON; ERIN ALDAPE; CATHERINE WHINNERY; RONA SIEGERT; THERESA BALDRIDGE; CHRISTINA BOULAY; PAM SONEN; RANDY BLADES; GARY BARRIER; JILL WHITTINGTON; JOHANNA SMITH; JEFF KIRKMAN; GARRETT COBURN; ALAN STEWART; DAVID WRIGHT; HOWARD YORDY; STAN HOUSE; SABINO RAMIREZ; and TERRY ROSENTHAL,<br><br>              Defendants. | Case No. 1:13-CV-00318-EJL-CWD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

**ORDER - 1**

The United States Magistrate Judge issued a Report and Recommendation in this matter. (Dkt. 51.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. No objections were filed by the parties and the time for doing so has passed.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ.

P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, no objections were filed so the Court is not required to conduct a *de novo* determination of the Report and Recommendation. The Court has, however, reviewed the Report and Recommendation and the record in this matter and finds no clear error on the face of the record. Moreover, the Court finds the Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 51) shall be **INCORPORATED** by reference, **ADOPTED** in its entirety and ordered as follows:

1) Defendant Everest National Insurance Company's Motion to Dismiss (Dkt. 30) is **GRANTED**;

2) The Motion to Dismiss filed by Defendants Shirley Audens, Joseph Cardona, Rona Siegart, Theresa Baldridge, Christina Boulay, Randy Blades, Jill Whittington, Jeff

Kirkman, Garrett Coburn, Alan Stewart, David Wright, Howard Yordy, Stan House, Sabina Ramirez, and Terry Rosenthal (Dkt. 33) is **GRANTED**;

3) The Motion to Dismiss filed by Defendants April Dawson, Catherine Whinnery, and William Poulson (Dkt. 36) is **GRANTED**;

4) Defendant Everest's Motion to Strike (Dkt. 47) is **DENIED AS MOOT**;

5) All claims against Defendants Dave Foss, Debra Frost, Larry Hynes, Jan Epp, Anita Travis, Scott Lossmann, Debbie Richardson, Tina Williams, Thomas Kimberly, Erin Aldape, Pam Sonen, Gary Barrier, and Johanna Smith are **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m); and

6) Plaintiff Robert McCormack is granted leave to file an amended complaint only to his 42 U.S.C. § 1983 Eighth Amendment claim against one or more of the Corizon or IDOC Defendants in accordance with the instructions contained in Judge Dale's Report and Recommendation (Dkt. 51) within 20 days of this Order Adopting Report and Recommendation. Failure to do so may result in this action being dismissed without further notice.

DATED: January 28, 2015

Edward J. Lodge
United States District Judge